UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KENNETH MCDAVID, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 2:16-cv-00193-WTL-DKL |
| KEITH BUTTS, | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Kenneth McDavid for a writ of habeas corpus challenges a prison disciplinary proceeding, ISF 15-08-0321, in which he was found guilty of threatening. For the reasons explained in this entry, Mr. McDavid's habeas petition must be **denied.**

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On August 7, 2015, Lieutenant Criss wrote a Report of Conduct in case ISF 15-08-0321, charging Mr. McDavid with offense B-213, threatening. The conduct report states:

> On 8/7/2015 at approx. 1500 PM I Lt. R. Criss while talking to Offender Kenneth McDavid #943202 was informed of the following. He stated that Sgt. Hardee was in his eyes singling him out. He stated that he was going to get away from him if he had to beat the hell out of him on his own. This was stated by Offender McDavid #943202 on 3 separate occasions while I was talking to him. Offender McDavid #943202 was identified by his state ID card and advised of this write up.

Dkt. 11-1.

On August 13, 2015, Mr. McDavid was notified of the charge of threatening and served with a copy of the Report of Conduct and a copy of the Notice of Disciplinary Hearing "Screening Report." Mr. McDavid was notified of his rights and pleaded not guilty. Dkt. 11-2. He requested a lay advocate and one was appointed. Mr. McDavid did not request any physical evidence, but he did request a witness statement from Offender S. Hendricks. Mr. McDavid later waived his requested witness statement, so that statement was not obtained. *Id.*

On August 17, 2015, the Disciplinary Hearing Officer (DHO) held a disciplinary hearing in case ISF 15-08-0321. Mr. McDavid pleaded not guilty and made the following statement: "I was down at mental health trying to get help from them. I keep having trouble with him and everything. I did say if he comes on to me I will have to protect myself." Dkt. 11-5. The DHO found Mr. McDavid guilty of offense B-213, threatening, based on the conduct report and Mr. McDavid's statement. Due to the seriousness of the offense and the degree to which it endangered facility security, the DHO imposed the following sanctions: a written reprimand not to threaten anyone, 30 days' lost J-Pay privileges, 60 days' lost earned credit time, and the imposition of a previously suspended demotion from credit class I to credit class II. *Id.*

On August 20, 2015, Mr. McDavid appealed to the facility head, arguing only that he had not threatened anyone but had merely relayed a story of the situation, to convey the feelings of fear and insecurity he was experiencing. Dkt. 11-6. Respondent's designee denied the appeal on September 2, 2015. Mr. McDavid then appealed to the final reviewing authority for the Indiana Department of Correction, who denied the appeal on January 12, 2016. Dkt. 11-7. This habeas action followed.

### III. Analysis

Mr. McDavid argues that his due process rights were violated during the disciplinary proceeding. His claims are that 1) he was not making a threat, but simply telling a story; 2) Lt. Criss, the reporting officer, violated the sanctity of the doctor/patient relationship by invading the office where Mr. McDavid was having a private mental health appointment; 3) there was insufficient evidence to find him guilty; and 4) he was punished for seeking protection from a tormentor and thereby denied his constitutional right to be provided safe, secure housing. Dkt. 1, pp. 2-3.

Claims 1 and 3 are construed as challenges to the sufficiency of the evidence. Mr. McDavid was charged with and found guilty of offense B-213, threatening, which prohibits, in part, "[c]ommunicating to another person a plan to physically harm, harass or intimidate that person or someone else." Indiana Dep't of Corr., Adult Disciplinary Process Appendix I: Offenses (June 1, 2015), available at www.in.gov/idoc/3265.htm.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016). The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978,

981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The Report of Conduct supports a finding that Mr. McDavid communicated "to another person a plan to physically harm … someone else," when he stated that if he needed to, he would "beat the hell out of" Sgt. Hardee. Dkt. 11-1. Mr. McDavid also admitted that if he needed to, he would "protect himself." Dkt. 11-5. The evidence was sufficient to find Mr. McDavid guilty of threatening Sgt. Hardee.

The respondent argues that Mr. McDavid did not include in his appeal his second claim about the doctor/patient relationship. This constitutes procedural default because the opportunity to raise such a claim has passed. Procedural default caused by failure to exhaust administrative review can be overcome if the petitioner shows cause and prejudice or shows that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Moffat v. Broyles,* 288 F.3d 978, 982 (7th Cir. 2002). Mr. McDavid has made no showing of cause and prejudice. *Barksdale v. Lane,* 957 F.2d 379, 385 (7th Cir. 1992) ("The Supreme Court has defined 'cause' as some external objective factor, such as interference by officials or unavailability of the factual or legal basis for a claim, which impeded compliance with the state's procedural rule."); *see also Harris v. McAdory*, 334 F.3d 665, 669

(7th Cir. 2003) ("it is well established in this Circuit that circumstances such as youth, lack of education, and illiteracy are not external impediments within the context of excusing procedural default"). Accordingly, Claim 2 is procedurally defaulted.

Mr. McDavid's fourth claim invokes his constitutional right to safe and secure housing. As noted, the Court's scope of review in this habeas action extends only to limited due process rights under the Fourteenth Amendment. Any claim alleging the failure to provide safe conditions of confinement would arise under the Eighth Amendment and is outside the scope of permissible claims in this case. If the petitioner wishes to assert a claim challenging the conditions of his confinement, he must do so under the civil rights law, 42 U.S.C. § 1983. *See Glaus v. Anderson,* 408 F.3d 382, 387-88 (7th Cir. 2005); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Claim 4 is **dismissed without prejudice.**

Mr. McDavid was given proper notice and he had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. McDavid's due process rights.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. McDavid's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

The **clerk shall update the docket** to reflect Mr. McDavid's current address at the New Castle Correctional Facility. The clerk shall also **update the respondent** as Keith Butts, (Superintendent of the New Castle Correctional Facility).

**IT IS SO ORDERED.**

Date: 8/1/2017

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

KENNETH MCDAVID
943202
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
P. O. Box E
New Castle, IN 47362

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**